# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MIKE MAHER AL-SEDAH, | ) | Case No. 04-44030 |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MIKE MAHER AL-SEDAH, | ) | |
| | ) | |
| Debtor. | ) | Contested Matter |
| vs. | ) | |
| | ) | |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Claimant. | ) | |

## MEMORANDUM OPINION AND ORDER

This contested matter is before the Court following a hearing on June 22, 2005, on the

*Objection to Claim* filed by the Debtor, Mike Maher Al-Sedah (the "Debtor") and the *Objection to*

*Confirmation* and *Motion to Dismiss* filed by Linda B. Gore, the Chapter 13 Trustee ("Trustee").

Appearing at the hearing were: Luther Abel, attorney for the Debtor; David Avery, III, attorney for

the Claimant, the State of Alabama Department of Revenue ("Revenue Department") and the

Trustee. The Court has jurisdiction pursuant to 28 U.S.C. §§151, 157(a) and 1334(b) and the United

States District Court for the Northern District of Alabama's General Order Of Reference Dated July

16, 1984, As Amended July 17, 1984.[1] This is a core proceeding as defined in 28 U.S.C. §§

---

[1] 28 U.S.C. § 151 provides:

157(b)(2)(B) & (L).[2]  The Court has considered the pleadings, the briefs, the arguments of counsel

and the law and finds and concludes as follows.[3]

---

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The General Order of Reference as amended provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2]  28 U.S.C. § 157(b)(2)(B) & (L) provide:
    (b)(2)Core proceedings include, but are not limited to–
        (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death  claims against the estate for purposes of distribution in a case under title 11; ...

        (L) confirmation of plans.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy

2

# I. FACTUAL BACKGROUND

The Debtor owned and operated three convenience stores located in Etowah County, Alabama. Following a 2003 audit by the Revenue Department, the Debtor was assessed sales tax on the businesses for October 1996 through December 2002. The Revenue Department entered a Final Assessment ("Final Assessment") of the taxes due on July 9, 2003.

The Debtor sought an administrative review of the Revenue Department's Final Assessment by appealing to the Revenue Department's Administrative Law Division pursuant to ALA. CODE § 40-2A-7(b)(5)a.[4] A hearing on the Debtor's appeal was held before the Chief Administrative Law Judge Bill Thompson on August 12, 2004. On November 3, 2004, a ten-page *Final Order* was entered affirming the Final Assessment and entering a judgment against the Debtor for "[s]tate sales tax, penalty, and interest of $498,169.86."[5] The *Final Order* also stated "[a]dditional interest is also due from the date of entry of the final assessment, July 9, 2003."

The Debtor filed a *Motion to Amend, Alter or Vacate or in the Alternative for a New Trial* on November 24, 2004. Judge Thompson denied the motion because it was not filed within 15-days

---

pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] ALA. CODE § 40-2A-7(b)(5)a provides:

> A taxpayer may appeal from any final assessment entered by the department by filing a notice of appeal with the Administrative Law Division within 30 days from the date of entry of the final assessment, and the appeal, if timely filed, shall proceed as herein provided for appeals to the Administrative Law Division.

[5] The *Final Order* included an extensive recitation of the underlying facts and a detailed legal analysis.

Case 04-44030-TOM13   Doc 56   Filed 06/21/06   Entered 06/21/06 16:11:04   Desc Main
Document     Page 3 of 10

from entry of *the Final Order* as required by ALA. CODE § 40-2A-9(f).[6]

The Debtor filed this Chapter 13 bankruptcy case on December 2, 2004. The Debtor scheduled the Revenue Department as having an unsecured priority claim of $498,170.00. According to the Debtor's schedules his total unsecured debt was $677,494.94 at the time of filing.

The Revenue Department filed a proof of claim for $516,101.46 on May 4, 2005. The claim was broken down into unsecured priority ($286,434.70 in tax and $86,246.93 in prepetition interest) and unsecured non-priority ($143,419.80 in unsecured penalty) portions. The Debtor filed an *Objection to Claim* ("Objection") on May 13, 2005 which was set for hearing on June 22, 2005. As grounds for the Objection the Debtor stated "non-priority amounts are included such as interest and penalties ... also the tax claimed is disputed." In the Objection the Debtor admitted to owing $90,000.00. The Revenue Department filed a *Response to Objection to Claim* on June 1, 2005.

Following the June 22, 2005, hearing the Debtor filed a *Brief in Support of Rebuttal of Presumption of Correctness and Objection to Claim* ("Brief") on June 28, 2005. In the Brief the Debtor argues the *Final Order* is "based on error [and is] excessive," alleging several procedural and evidentiary errors made by the administrative law judge. He also claims to be "effectively prevented ... from applying for judicial review in Circuit Court" because he is unable to either fully pay the tax or post a supersedeas bond in double the amount of the assessment as required by ALA. CODE § 40-2A-9(g)(1). The Brief concludes that "[t]he effective denial of further Judicial review and obvious and well documented errors [by the administrative law judge] should allow the [Debtor] to use the

---

6    ALA. CODE § 40-2A-9(f) provides in pertinent part:

> Either the taxpayer or the department may file an application for rehearing within 15 days from the date of entry of a final order by the administrative law judge.

4

powers of the U.S. Bankruptcy Court to arrive at the correct priority amount" and requests a "judicial review" by this Court to "determine the proper amount of the priority debt and the non-priority debt and that [sic] the court award." The Revenue Department filed a *Response to Brief of Debtor* on June 30, 2005.

The Trustee filed an *Objection to Confirmation of Plan and Motion to Dismiss* on May 18, 2005 arguing, *inter alia*, the Debtor is not eligible to be a Chapter 13 debtor because his unsecured debt exceeds the statutory limit under 11 U.S.C. § 109(e). The Trustee's *Objection to Confirmation* and *Motion to Dismiss* were both heard by the Court at the June 22, 2005 hearing.

## II.   CONCLUSIONS OF LAW

### A.  The *Rooker-Feldman* doctrine

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations. See, e.g., Greenberg v. Zingale, 2005 W.L. 1432471, at *3 (11th Cir. June 20, 2005)(citing Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)). Simply put, the *Rooker-Feldman* doctrine is applied to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517, 1521 (2005).

A final order entered by an administrative law judge has the "the same force and effect as a final order issued by a circuit judge sitting in Alabama" unless it is altered or amended on appeal. ALA. CODE § 40-2A-9(e) (1975). Therefore, collateral attack of orders by administrative law judges is also barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is applicable in bankruptcy proceedings. See, e.g., Goetzman

5

v. Agribank, FCB (In re Goetzman), 91 F.3d 1173 (8th Cir. 1996); Besing v. Hawthorne (Matter of Besing), 981 F.2d 1488 (5th Cir. 1993); In re Flury, 310 B.R. 659 (Bankr. M.D. Fla. 2004); Fowler v. Jenkins (In re Fowler), 258 B.R. 251, 262 (Bankr. N.D. Ala. 2001); In re Optical Tech., Inc., 272 B.R. 771 (Bankr. M.D. Fla. 2001); In re Johnson, 210 B.R. 1004 (Bankr. W.D. Tenn. 1997). Application of the *Rooker-Feldman* doctrine is especially applicable in the claims litigation process. Where a debtor objects to a claim that is based on a state court judgment, thereby attempting to collaterally attack the judgment in bankruptcy court, the *Rooker-Feldman* doctrine bars that attack. See In re Audre, Inc., 202 B.R. 490, 494-99 (Bankr. S.D. Cal. 1996); Johnson, 210 B.R. at 1007 (*Rooker-Feldman* doctrine bars court from hearing debtor's objection to claim where claim is based on a valid administrative order).

The relief sought by the Debtor is exactly what is prohibited by the *Rooker-Feldman* doctrine. His *Objection* is based solely on alleged errors made by the administrative law judge in affirming the Final Assessment. He is, in no uncertain terms, asking this federal Court to act as an appellate court and review the *Final Order* entered by the state administrative law judge. In fact, he requests a "judicial review" of the *Final Order* to determine the "proper amount" of the Final Assessment because of the alleged procedural and evidentiary errors. If the administrative law judge erred to the extent claimed by the Debtor, relief is available through the Alabama state courts. This Court is not the proper forum for such relief.

**B. Chapter 13 eligibility under 11 U.S.C. § 109(e)**

Section 109(e) of the Bankruptcy Code provides in pertinent part "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 ... may be a debtor under chapter 13 of this title." 11 U.S.C.

6

§ 109(e).  Therefore, if a debtor's noncontingent, liquidated, unsecured debts are greater than $307,675.00 he is not eligible to be a debtor under chapter 13.

"[S]ection 109(e) provides that the eligibility computation is based on the date of the filing of the petition; it states nothing about computing eligibility after a hearing on the merits of the claim." In re Hutchens, 69 B.R. 806, 810 (Bankr. E.D. Tenn. 1987). Both the Revenue Department's claim and the Debtor's schedules list unsecured debt owed to the Revenue Department in excess of the $307,675.00 maximum for unsecured debts allowed under § 109(e).  Arguing the Final Assessment is flawed does not remove it from consideration for Chapter 13 eligibility.

It is clear the Debtor's liability to the Revenue Department was both noncontingent and liquidated on December 2, 2004, the date this bankruptcy case was filed, notwithstanding the current dispute.  The Final Assessment was entered on July 9, 2003 and affirmed by order of an administrative law judge on November 3, 2004.  Thus, the liability represented a fixed, legal obligation of the debtor at the time of filing.

Therefore, this Court finds the debt owed to the Revenue Department is a liquidated, noncontingent, unsecured debt in excess of $307,675.00. Consequently, pursuant to the requirements of § 109(e), the Debtor is not eligible to be a debtor under Chapter 13 of the Bankruptcy Code and this case must be dismissed.

### III.  CONCLUSION

The Debtor's Objection essentially asks this federal Court to engage in appellate review of a determination made by an Alabama state court.  However, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to engage in appellate review of that decision.  Further, because the Debtor's noncontingent, liquidated, unsecured debts exceed $307,675.00 he is not eligible to be a debtor under

7

Chapter 13 of the Bankruptcy Code.  Accordingly it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the *Objection to Claim* filed by the

Debtor, Mike Maher Al-Sedah, is **OVERRULED.**  Accordingly, the State of Alabama Department

of Revenue's Proof of Claim for $516,101.46 is deemed **ALLOWED**.

It if further **ORDERED, ADJUDGED, AND DECREED** that because the Debtor, Mike

Maher Al-Sedah, is not eligible to be a debtor under Chapter 13 of the Bankruptcy Code pursuant

to 11 U.S.C. § 109(e) the Trustee's *Motion to Dismiss* is **GRANTED** and this case is **DISMISSED**.

Dated this the 19th day of July, 2005.

**/s/ Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:jdg


xc:    Luther Abel, attorney for the Debtor
      David Avery, III, attorney for the Claimant, the State of Alabama Department of
Revenue
      Linda B. Gore, Chapter 13 Standing Trustee

8

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MIKE MAHER AL-SEDAH, | ) | Case No. 04-44030 |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MIKE MAHER AL-SEDAH, | ) | |
| | ) | |
| Debtor. | ) | Contested Matter |
| vs. | ) | |
| | ) | |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Claimant. | ) | |

## ORDER

In conformity with the Memorandum Opinion entered contemporaneously herewith, it is

hereby

**ORDERED, ADJUDGED, AND DECREED** that the *Objection to Claim* filed by the

Debtor, Mike Maher Al-Sedah, is **OVERRULED**. Accordingly, the State of Alabama Department

of Revenue's Proof of Claim for $516,101.46 is deemed **ALLOWED**.

It if further **ORDERED, ADJUDGED, AND DECREED** that because the Debtor, Mike

9

Maher Al-Sedah, is not eligible to be a debtor under Chapter 13 of the Bankruptcy Code pursuant

to 11 U.S.C. § 109(e) the Trustee's *Motion to Dismiss* is **GRANTED** and this case is **DISMISSED**.

Dated this the 19th day of July, 2005.

**/s/ Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:jdg


xc:    Luther Abel, attorney for the Debtor
David Avery, III, attorney for the Claimant, the State of Alabama Department of
Revenue
Linda B. Gore, Chapter 13 Standing Trustee